UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SONYA ANN PEREZ, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:11-cv-2541 |
| | § | |
| UNITED STATES POSTAL SERVICE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

Pending before the Court are the defendant's, the United States Postal Service ("USPS"), motion for summary judgment (Dkt. No. 16) and the plaintiff's, Sonya Ann Perez (the "plaintiff"), response and memorandum of law in opposition to USPS's motion for summary judgment (Dkt. Nos. 17, 18 & 19).  After having carefully evaluated the motion, response, the record, undisputed facts and the applicable law, the Court determines that USPS's  motion for summary judgment should be GRANTED.

## II.  FACTUAL BACKGROUND

This case concerns the plaintiff's allegations of Title VII sexual harassment and related charges.  Since February 16, 2008, the plaintiff has worked as a mail carrier for USPS.  At the time of the events giving rise to this lawsuit, she was employed as a part-time mail carrier at 4600 Aldine Bender in Houston, Texas.  In August of 2009, she alleges that Michael Phillips, Manager of Distribution Operations at Tour 1, North Houston Processing & Distribution Center, began to sexually harass her.  Specifically, she contends that on or about August 21 or 22, 2009, Phillips committed the following acts which comprise the basis of her sexual harassment claim:

(1)     he made comments about her appearance, including one occasion where he was breathing hard and telling her it's because she "look[ed] so good";

(2)     he asked whether she was dating anyone;

(3)     he invited her to a barbeque; and,

(4)     he asked her on a date and gave her his phone number.

She, nevertheless, concedes that Phillips never groped her, cursed her, fondled her or tried to kiss, hug or grab her.  Phillips vehemently denies the plaintiff's allegations.

On August 30, 2009, the plaintiff reported to work more than thirty minutes late.[1]  On August 31, 2009, she failed to report to work for more than four hours.  On that same day, she was given a pre-disciplinary interview and was eventually advised that she would be penalized for her tardiness on August 30, 2009, as well as for her unexcused absence on August 31, 2009. In accordance with USPS's policy, she was notified that she would be subject to additional disciplinary action because she had incurred numerous infractions on her attendance record.  It appears that earlier in the year, in January of 2009, USPS issued a Letter of Warning to the plaintiff due to her failure to maintain a regular attendance schedule.

On September 1, 2009, the plaintiff filed a charge of discrimination with the EEOC alleging that Phillips sexually harassed her in violation of Title VII.  On September 8, 2009, a 7-Day Notice of Suspension for attendance was formally issued to her as a result of her multiple, unscheduled absences occurring between March 24, 2009 and August 31, 2009.  The suspension, however, did not result in a loss of time or pay for the plaintiff.  In her deposition, she admits that "there were multiple times where there were unscheduled absences that were associated with

---

[1] In her report to the Equal Employment Opportunity Commission ("EEOC"), she contends that on this very morning Phillips "kept watching her and she became so upset that she did not come to work that night."  (Dkt. No. 16, Ex. C).

[her] getting [the] notice of 7-day suspension." (Dkt. No. 16, Ex. A at 69:8 -11).  She also does not dispute that any of the unscheduled absences occurred.

Following her suspension, the plaintiff returned to work for USPS and continues to remain in its employ to this day.   In fact, on or about May 8, 2010, she was promoted a to full-time mail handler position.

On June 8, 2011, she timely initiated the instant action.  USPS now moves for summary judgment on the plaintiff's sexual harassment and retaliation claims.

## III.    CONTENTIONS OF THE PARTIES

### A.    USPS's Contentions

USPS argues that it is entitled to summary judgment on the plaintiff's sexual harassment and retaliation claims because the plaintiff is unable to meet her *prima facie* burden with regard to these claims.  More specifically, it contends that the plaintiff cannot satisfy the fourth element of a *prima facie* sexual harassment claim because she currently works for USPS and concedes that her employment was never affected and/or that she has received all pay increases and promotions for which she is eligible.

USPS argues that the plaintiff's retaliation claim fails because she cannot establish the second and third elements of a *prima facie* retaliation claim.  Particularly, USPS avers that the plaintiff is unable to demonstrate that it took any action against her that would have been materially adverse to a reasonable employee in her position or that any adverse employment action would not have occurred but for her participation in protected EEO activity.  It further maintains that the plaintiff is incapable of demonstrating a causal connection between any disciplinary actions undertaken by it and her complaints.  Accordingly, USPS asserts that it is entitled to judgment as a matter of law on the plaintiff's claims.

### B.      The Plaintiff's Contentions

In response, the plaintiff argues that USPS is not entitled to summary judgment on her claims because she has established a *prima facie* case of gender discrimination and harassment under Title VII.  She contends that the supporting documents and affidavits tendered by her in response to USPS's motion for summary judgment prove her *prima facie* case and necessitate denying USPS's motion for summary judgment.

## IV.    STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003).  Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075).  "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that

evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)).  It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."  *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted).  Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted).  When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]."  *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)).  Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."  *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)).  Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses."  *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380).  Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law.'"  *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005)

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52, (1986)).

## V.      ANALYSIS & DISCUSSION

### A.      The Plaintiff's *Prima Facie* Case of Sexual Harassment Under Title VII.

The plaintiff contends that Phillips discriminated against her on the basis of her sex and

sexually harassed her in violation of Title VII.[2]  USPS contends that it is entitled to summary

judgment on the plaintiff's sexual harassment claim because she is unable to meet her *prima*

*facie* burden required under Title VII.  Title VII makes it "an unlawful employment practice for

an employer . . . to fail or refuse to hire or discharge any individual or otherwise discriminate

against any individual with respect to his compensation, terms, conditions, or privileges of

employment, because of such individual's . . . sex."  42 U.S.C. § 2000e-2(a)(1).  "This text

prohibits sexual harassment that takes the form of a tangible employment action, such as a

demotion or denial of promotion, or the creation of a hostile or abusive working environment."

*Lauderdale v. Tex. Dep't of Criminal Justice,* 512 F.3d 157, 162 (5th Cir. 2007) (internal

citations omitted).

In employment discrimination cases, such as the one *sub judice*, discrimination under

Title VII may be proven through either direct or circumstantial evidence.  *See Turner v. Baylor*

*Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007) (citing *Laxton v. Gap, Inc.*, 333 F.3d

---

[2] The plaintiff has performed the requisite conditions precedent by timely filing her discrimination charge with the EEOC and timely filing her complaint upon receipt of her right-to-sue letter.

While her complaint appears to allege claims for "sex discrimination" and sexual harassment" independently, her deposition and response in opposition to USPS's motion for summary judgment treat these claims as a single harassment claim, and accordingly, so does the Court.

572, 578 (5th Cir. 2003)).  The Fifth Circuit has held that in cases where no direct evidence[3] of discriminatory intent has been produced, proof by means of circumstantial evidence must be evaluated using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed.2d 668 (1973).  *See Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) (citing *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001)); *see also Turner*, 476 F.3d at 345 (citing *Rutherford v. Harris County*, 197 F.3d 173, 179 – 80 (5th Cir. 1999).

Under the *McDonnell Douglas* burden-shifting framework, the Fifth Circuit has restated the test as follows:

> [A] plaintiff must first create a presumption of intentional discrimination by establishing a *prima facie* case.  The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions.  The burden on the employer at this stage is one of production, not persuasion; it can involve no credibility assessment.  If the employer sustains its burden, the *prima facie* case is dissolved, and the burden shifts back to the plaintiff to establish either:  (1) that the employer's proffered reason is not true but is instead a pretext for discrimination; or (2) that the employer's reason, while true, is not the only reason for its conduct, and another motivating factor is the plaintiff's protected characteristic.

*Alvarado*, 492 F.3d at 611 (citations and internal quotation marks omitted); *see also Turner*, 476 F.3d at 345 (internal citations omitted); *Septimus.*, 399 F.3d at 609 (internal citations omitted). "Although intermediate evidentiary burdens shift back and forth under [the *McDonnell Douglas* framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'"  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 120 S. Ct. 2097, 2106, 147 L. Ed.2d 105 (2000)

---

[3] "Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *See Sandstad v. CB Richard Ellis, Inc.,* 309 F.3d 893, 897 (5th Cir. 2002) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1217 (5th Cir. 1995)).

(quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S. Ct. 1089, 67 L. Ed.2d 207 (1981)).

To demonstrate a *prima facie* case of sexual harassment by a supervisor under Title VII, a plaintiff must prove:  "(1) that [she] belongs to a protected class; (2) that [she] was subject to unwelcome sexual harassment; (3) that the harassment was based on sex; and (4) that the harassment affected a 'term, condition, or privilege' of employment." *Lauderdale,* 512 F.3d at 163 (quoting *Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999).  While USPS concedes that the first three elements of the plaintiff's *prima facie* case are satisfied, it, nevertheless, maintains that the plaintiff has not and cannot satisfy the fourth element.  In order to satisfy the fourth element, "the harassment 'must be sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." *Lauderdale*, 512 F.3d at 163 (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67, 106 S. Ct. 2399, 91 L. Ed.2d 49 (1986) (other citation omitted).  To this end, the working environment should be regarded as "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Aryain v. Wal-Mart Stores Texas, LP*, 534 F.3d 473, 479 (quoting *Faragher v. City of Boca Raton,* 524 U.S. 775, 786, 118 S. Ct. 2275, 141 L.Ed.2d 662 (1998)).

Because "Title VII is not a general civility code for the American workplace," the contested conduct must be extreme.  *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 263 (5th Cir. 1999) (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998)).  Accordingly, a handful of sporadic incidents does not rise to the level of actionable harassment. "A recurring point in [Supreme Court] opinions is that 'simple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the

'terms and conditions of employment.'" *Shepherd v. Comptroller of Public Accounts of State of Texas*, 168 F.3d 871, 874 (5th Cir. 1999) (citing *Faragher*, 524 U.S. 775, 118 S. Ct. 2284).

     Here, the plaintiff has failed to meet her *prima facie* burden because she has not shown Phillip's behavior to be so severe or pervasive as to alter the conditions of her employment. *See Oncale*, 523 U.S. at 81 (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367, 370, 126 L.Ed.2d 295 (1993)). In fact, in her deposition, she essentially admits that Phillips' actions did not affect "any term, condition, or privilege of her employment." More specifically, she admits that: (1) she continues to work as a full-time mail handler for USPS; (2) she has received all pay increases associated with her date of hire and has never been denied any pay increase; (3) her salary has never been reduced for any reason during her term of employment with USPS; (4) she has never experienced a change in benefits of any type during her tenure; and (5) she has received all step and grade promotions for which she has become eligible and has never been demoted. Further, she acknowledges that Phillips never groped her, fondled her, cursed her, or tried to kiss, hug or grab her. Since Phillips' conduct has had no tangible adverse effect on any term or condition of her employment and the sporadic incidents for which she complains do not rise to the level of severe and pervasive harassment, this Court finds that the plaintiff has not raised a genuine issue of material fact as to her sexual harassment claim. *See Weller v. Citation Oil & Gas Corp.,* 84 F.3d 191, 194 (5th Cir. 1996), *cert. denied,* 519 U.S. 1055, 117 S. Ct. 682, 136 L. Ed.2d 607 (1997)("Title VII was only meant to bar conduct that is so severe and pervasive that it destroys a protected classmember's opportunity to succeed in the workplace."). Based on the record now before this Court, Phillips' actions, while maybe annoying and/or somewhat intrusive, are not of the extreme type that would prevent the plaintiff from succeeding in the workplace. *Shepherd*, 168 F.3d at 874 (citing *Faragher*, 524 U.S. 775, 118 S. Ct. 2284)

("We have made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment.")  As such, the plaintiff has failed to meet her *prima facie* burden and USPS is entitled to a summary judgment on her sexual harassment claim.

      **B.**    **The Plaintiff's Claim of Retaliation Under Title VII**

     The plaintiff also argues that after complaining about Phillips' harassment she suffered retaliation.  USPS denies these allegations and further argues that the plaintiff is unable to satisfy the second and third elements of her *prima facie* retaliation claim.  Title VII's anti-retaliation provision prohibits an employer from "discriminat[ing] against" an employee for opposing an unlawful practice or asserting a charge, testifying, assisting, or participating in a Title VII proceeding or investigation.  *Burlington N. & Sante Fe Ry. Co. v. White*, 548 U.S. 53, 59, 126 S. Ct. 2405, 2410 (2006) (citing 42 U.S.C. § 2000e-3(a)); *see also Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 414 (5th Cir. 2003).  To establish a *prima facie* claim of retaliation under Title VII, a plaintiff must illustrate that:  "(1) she engaged in protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action."  *Turner*, 476 F.3d at 348 (citing *Fabela*, 329 F.3d at 414)).  )).  Summary judgment is appropriate if the plaintiff is unable to satisfy any of the aforementioned three elements.  *Stewart v. Miss. Transp. Com'n*, 586 F.3d 321, 331 (5th Cir. 2009) (citing *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 769 (5th Cir. 2001)).

     To constitute an adverse employment action in the context of a Title VII retaliation claim, the challenged employment action "must be 'materially adverse,' [or] one that would 'dissuade[ ] a reasonable worker from making or supporting a charge of discrimination.'"  *Stewart*, 586 F.3d at 331 (quoting *Burlington*, 548 U.S. at 68).  "The purpose of this objective standard is 'to separate significant from trivial harms' and 'filter out complaints attacking the ordinary

tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing.'" *Id.*

This Court finds that the plaintiff has failed to proffer a *prima facie* case of retaliation. While the plaintiff has shown that she engaged in protected activity by filing her complaint with the EEOC and speaking out against Phillips' conduct, she has, nonetheless, failed to allege that a requisite adverse employment action transpired or that a causal link exists between her protected activity and any adverse employment action allegedly undertaken by USPS.  *See Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004)(citing *Banks*, 320 F.3d at 575).  Indeed, based on her *own* admissions, her job duties, compensation and benefits were not affected by Phillips' actions.  *See Banks v. E. Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003)(quoting *Hunt,* 277 F.3d at 769) ("[A]n employment action that 'does not affect the job duties, compensation, or benefits' is not an adverse employment action.").  In fact, it is undisputed that subsequent to her filing a complaint with the EEOC, she received a promotion to full-time carrier.

Furthermore, even assuming that the plaintiff has established a *prima facie* case of retaliation, USPS has articulated a legitimate, nondiscriminatory reason for its pre-disciplinary interview with the plaintiff and its issuance of the 7-day Notice of Suspension to her due to her tardiness and/or absenteeism.  The plaintiff, on the other hand, does not dispute that the tardiness and/or unexcused absences occurred nor does she tender any competent summary judgment evidence sufficient to establish that USPS's stated reason is a pretext.  Accordingly, the plaintiff has failed to create a genuine issue of material fact as to her retaliation claim and USPS is entitled to a summary judgment on that claim.

**VI.    CONCLUSION**

Based on the foregoing discussion, USPS's motion for summary judgment is GRANTED.

It is so **ORDERED**.

SIGNED on this 28th day of March, 2013.

_____
Kenneth M. Hoyt
United States District Judge